UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRINA C. BROOKS,                                     Case No. 16-cv-1514-pp

        Plaintiff,

  v.

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S
REQUEST TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2)**

---

The plaintiff has filed a complaint requesting that the court review the Commissioner's denial of her Social Security Disability Insurance claims. Dkt. No. 1. Along with the complaint, the plaintiff filed an affidavit in support of her request that the court allow her to proceed with the case without paying the filing fee. Dkt. No. 2. In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

In the affidavit, the plaintiff indicates that she last worked in June 2008. She receives $608 per month in W-2 assistance and $306 in food share benefits, for a total monthly income of $914. Id. at 4. She is not married, but she supports one minor son, D. L. Id. at 2. The plaintiff indicates that she has monthly expenses totaling $791, including $53 in rent and $60 for

1

transportation expenses. Id. at 4. She also provides financial assistance to her son, but does not specify the monthly amount (she indicated that she contributes "whatever required"). Id. at 2. The affidavit also states that the plaintiff's only other assets are $100 in a checking account and an older model car that she values at $500. Id. The court concludes from that information that the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

In her complaint, the plaintiff asserts that (1) the ALJ erred in rendering a decision that was not supported by substantial evidence and contained errors of law, and (2) the Appeals Council erred in declining review of an adverse decision that was not supported by substantial evidence and contained errors of law. At this early stage in the case, the court concludes that there may be a basis in law or fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

2

Case 2:16-cv-01514-PP   Filed 12/06/16   Page 2 of 3   Document 6

The court **ORDERS** that the plaintiff's motion for leave to appeal *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

Dated in Milwaukee, Wisconsin this 6th day of December, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

3

Case 2:16-cv-01514-PP   Filed 12/06/16   Page 3 of 3   Document 6