(5 UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRINA C. BROOKS,

        Plaintiff,

  v.

KILOLO KIJAKAZI,

        Defendant.

Case No. 16-cv-1514-pp

---

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR ATTORNEY FEES (DKT. NO. 34)**

---

On February 14, 2020, the court reversed and remanded the decision of the Commissioner under Sentence Four of 42 U.S.C. §405(g). Dkt. No. 28. The court granted the parties' stipulated motion for attorney fees under the Equal Access to Justice Act (EAJA) and ordered the defendant to pay $9,500 in attorney fees in full satisfaction and settlement of any and all claims that the plaintiff may have under the EAJA. Dkt. No. 31. On June 18, 2021, after receiving a partially favorable decision awarding benefits from November 19, 2009 through June 6, 2018, the plaintiff filed a motion for attorney's fees under 42 U.S.C. §406(b)(1). Dkt. No. 32. The Commissioner's Office of Central Operations calculated the benefits for the primary beneficiary and awarded the plaintiff $150,143 in past due benefits. Dkt. No. 34-1 at 1. Subsequently, the Commissioner's Office calculated the benefits for auxiliary beneficiaries and

1

awarded the plaintiff an additional $72,645, including $63,376 for auxiliary beneficiary D.W.L. and $9,269 for auxiliary beneficiary K.W.L. Id.

The Commissioner has clarified her position on any offset or risk analysis, but did not oppose counsel's initial request for a fee of $37,535.75. Dkt. No. 33 at 2. The plaintiff since has filed an unopposed motion to amend the petition and revise the requested amount to $55,697. Dkt. No. 34. The court will grant the motion.

I.  **Legal Standard**

An attorney who succeeds in obtaining benefits for a Social Security claimant may recover fees under 42 U.S.C. §406. "'Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration; §406(b) controls fees for representation in federal court.'" Kopulos v. Barnhart, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. Id. at 661. The fees are deducted from the claimant's benefits and do not constitute an award against the government. Id.

A motion for fees under §406(b) requires court approval. Congress did not intend the court's review to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its

2

determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceedings that had the effect of inflating past-due benefits or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

## II. Analysis

The plaintiff signed a contract with her attorney on November 3, 2016, stating that she understood that her attorney could keep 25% of the past-due benefits (if awarded by the court) or the EAJA fee, whichever was higher. Dkt. No. 32-2.

The defendant will not stipulate to the fees because the award is paid out of past due benefits rather than agency funds. Dkt. No. 33 at 1, 2. Although the defendant does not oppose the award itself, the defendant clarifies that the agency has no obligation to withhold benefits to pay a §406(a) administrative fee if the attorney fails to make a timely request as described in 20 C.F.R. §404.1730(c)(1) and (c)(2). The defendant also takes issue with the plaintiff's analysis about outcomes on remand, believing it overstates the risk of taking cases to federal court. Dkt. No. 33 at 2. The court has considered both arguments, as well as the fact that the defendant does not oppose the award.

The §406(b) fee requested appears reasonable. The plaintiff's attorney obtained a good result for the plaintiff with an award of benefits through 2018. The plaintiff agreed to pay up to 25% of the past-due benefits awarded to her and the fee appears reasonable when considered in light of other awards in this

3

circuit. See Bernarducci v. Saul, No. 1:18-CV-38-TLS-JPK, 2021 WL 2376395, *2 (N.D. Ind. June 10, 2021) (approving effective hourly rate of $734); Heise v. Colvin, No. 14-cv-739-jdp, 2016 WL 7266741, *2 (W.D. Wis. Dec. 15, 2016) (approving effective hourly rate of $1,100). While the defendant makes an excellent point regarding the need to update the statistics and case law regarding the risks of taking a case on a contingent bases, there always will be a risk that counsel would collect nothing.

The plaintiff's attorney initially asked the court to order a net payment reflecting an offset for the EAJA award of $9,500 in lieu of having to refund the fee. Dkt. No. 32. Where the plaintiff's attorney receives fees under the EAJA and §406(b), the attorney must refund to the plaintiff the smaller fee. Gisbrecht, U.S. 535 at 796. An offset requires the defendant to withhold the balance of the 25% award while the plaintiff's attorney pursues an award of administrative fees under §406(a). In the amended motion, however, the plaintiff's attorney asks the court to grant the fee request in its entirety and says that he will refund the EAJA fee of $9,500 to the plaintiff (and forego petitioning for the administrative fee). That procedure seems the most appropriate to the court.

### III.  Conclusion

The court **GRANTS** the plaintiff's unopposed amended motion for attorney's fees under 42 U.S.C. §406(b) and approves an award of $55,697 payable to the plaintiff's attorney by the defendant. Dkt. No. 34. Upon receipt

4

of the award, the plaintiff's attorney must refund to the plaintiff the $9,500 fee previously awarded under the Equal Access to Justice Act.

Dated in Milwaukee, Wisconsin this 20th day of May, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**